1              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF IOWA
2                      WESTERN DIVISION

3    United States of America,

4              Plaintiff,

5                             No.  CR07-4092-LRR
        vs.
6
     Victor Gutierrez,
7
               Defendant.
8

9                   *   *   *   *   *

10          Excerpt of transcript of proceedings held at

11   the Federal Courthouse, Sioux City, Iowa, on the 12th

12   day of February, 2009, commencing at 1:28 p.m.,

13   pursuant to assignment, reported by Karrie D. Truitt,

14   CSR, RPR.

15                  *   *   *   *   *

16   Before:  Chief Judge Linda R. Reade

17                  *   *   *   *   *

18   Appearances:

19   Forde Fairchild
     Assistant U.S. Attorney
20   600 4th Street, Suite 670
     Sioux City, Iowa 51101      for the Plaintiff.
21
     John P. Greer
22   Attorney at Law
     P.O. Box 215
23   13 W. 4th Street
     Spencer, Iowa 51301-0215    for the Defendant.
24
                     *   *   *   *   *
25   Transcript ordered the 15th day of February, 2017.
     Transcript delivered the 16th day of March, 2017.

*Sarah J. Dittmer, CSR, RPR*
*1(888)388-2723*

1                    P R O C E E D I N G S

2              THE COURT:  You may be seated.

3              All right.  Are we ready to begin?

4              MR. GREER:  Yes, Your Honor.

5              MR. FAIRCHILD:  Yes, Your Honor.

6              THE COURT:  The matter before the Court is

7    United States of America versus Victor Gutierrez,

8    Criminal Number 74092.  This is a sentencing

9    proceeding.  Mr. Gutierrez is here with his attorney,

10   John Greer.  Assistant United States Attorney

11   Forde Fairchild represents the United States.  Also

12   present is Shane Moore.  Mr. Moore is the probation

13   officer who wrote the pre-sentence information with

14   the Court.  We're working with the report dated

15   January 12, 2009.

16             Mr. Gutierrez, do you recall when you and I

17   were together on September the 22nd, 2008, and I took

18   your plea?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  Do you recall pleading guilty at

21   that time to six federal crimes charged in a second

22   superseding indictment?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  I want to just review those

25   charges and go over the statutory penalties with you.

1  Do you recall pleading guilty to counts 1 and 2
2  charging you with the possession of a firearm by a
3  felon?
4          THE DEFENDANT:  Yes, Your Honor.
5          THE COURT:  Do you remember when we were
6  last together we went over the statutory penalties
7  for those offenses?  Each is punishable by zero to
8  ten years in federal prison.  Probation is an option
9  on each of those counts, and were probation to be
10 granted, it would be one to five years in duration of
11 supervised release on each count of conviction.
12 Counts 1 and 2 would be up to three years.  Your fine
13 would be up to $250,000 on each count of conviction,
14 and each count of conviction has a $100 special
15 assessment.  Do you remember that?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  Do you recall pleading guilty to
18 counts 3 and 4, the second superseding indictment
19 charging you with possession of a firearm with an
20 obliterated serial number?
21         DEFENDANT:  Yes, Your Honor.
22         THE COURT:  And the statutory penalty for
23 that is zero to five years in prison.  Again,
24 probation is an option.  If granted, it would be one
25 to five years in duration of supervised release up to

```
1    three years for each count of conviction, a fine of
2    up to $250,000 on each count of conviction and a $100
3    special assessment on each of those two counts.  Do
4    you remember that?
5              THE DEFENDANT:  Yes, Your Honor.
6              THE COURT:  Do you recall pleading guilty to
7    Count 5 of the indictment charging you with
8    conspiracy to possess a firearm with an obliterated
9    serial number?
10             DEFENDANT:  Yes, Your Honor.
11             THE COURT:  The penalty is zero to five
12   years.  Probation is an option.  Were it granted, it
13   would be one to five years in duration with
14   supervised release on this count up to three years, a
15   fine of up to $250,000, and, again, you would have to
16   pay a $100 special assessment.  Do you remember that?
17             DEFENDANT:  Yes, Your Honor.
18             THE COURT:  The final count that you pled to
19   was count 6, conspiracy to possess a firearm by a
20   felon.  Do you remember that?
21             THE DEFENDANT:  Yes, Your Honor.
22             THE COURT:  The penalty is zero to five
23   years in prison.  Probation, were it granted, would
24   be one to five years in duration with supervised
25   release up to three years, a fine of up to $250,000,
```

1   and you would have to pay a $100 special assessment.

2   Do you recall that?

3           THE DEFENDANT:  Yes, Your Honor.

4           THE COURT:  Do you understand you are in

5   court this afternoon for the purpose of being

6   sentenced on pleas of guilty?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Do you still admit to being

9   guilty of all six counts that you pled guilty to back

10  in September?

11          THE DEFENDANT:  Yes.

12          THE COURT:  The Court has received and read

13  the presentence investigation report.  I have

14  reviewed the plea agreement again.  I have reviewed

15  the memos filed by the attorneys on behalf of their

16  respective clients.  Other than what's in the

17  official records of the Court, the Court has no

18  independent information concerning Mr. Gutierrez.

19          Mr. Fairchild, have you had an opportunity

20  on behalf of the United States to review the

21  presentence investigation report?

22          MR. FAIRCHILD:  Yes, Your Honor.

23          THE COURT:  After having done so, any

24  remaining objections to the computation of the

25  Advisory Sentencing Guidelines?

*Sarah J. Dittmer, CSR, RPR*
*1(888)388-2723*

```
1              MR. FAIRCHILD:  No, Your Honor.
2              THE COURT:  Mr. Greer, have you and
3    Mr. Gutierrez been through the report?
4              MR. GREER:  Yes, Your Honor.
5              THE COURT:  Will you make a record, please,
6    as to how you went about reviewing the report with
7    your client?
8              MR. GREER:  It's been quite a while.  I have
9    sent him a copy of the first draft and went over all
10   of the paragraphs with him.  I always do that.
11   Victor's pretty intelligent and speaks English, and I
12   can't remember if I did that in person or not.  I
13   know I have personally met with him since he received
14   that.  I know that the -- We were pretty detailed in
15   our first objections to the initial draft, which were
16   filed back on November 26, 2008, Your Honor.  We have
17   been aware of what's in -- contained in the final and
18   amended copy for some time now.
19             THE COURT:  All right.  Any remaining
20   objections to the computation of the Advisory
21   Guidelines sentence?
22             MR. GREER:  No, Your Honor.
23             THE COURT:  Mr. Gutierrez, do you recall
24   receiving a copy of the draft presentence
25   investigation report?
```

1         THE DEFENDANT:  Yes, Your Honor.

2         THE COURT:  And did you have an opportunity

3  to read that report with your own eyes?

4         THE DEFENDANT:  Yes, Your Honor.

5         THE COURT:  Did you in fact read it?

6         THE DEFENDANT:  Yes, Your Honor.

7         THE COURT:  After you have had a chance to

8  read it, did you have as much time as you wanted to

9  to discuss the report and the issues raised with your

10 attorney?

11        THE DEFENDANT:  Yes, Your Honor.

12        THE COURT:  Were there any questions you put

13 to your attorney that he did not answer to your

14 satisfaction?

15        THE DEFENDANT:  No.  He answered.

16        THE COURT:  Then the Court accepts the

17 computation of the Advisory Guidelines sentence.  And

18 I'm beginning on page 11 of the report.  With regard

19 to counts 1 and 2, which are the possession of a

20 firearm by a felon counts, counts 3 and 4, the

21 possession of a firearm with obliterated serial

22 numbers and the two conspiracies, the base offense

23 level is a 20.  This is because the offense involved

24 at least one semi-automatic firearm capable of

25 accepting a large-capacity magazine, and the

1    defendant was a prohibited person at the time he

2    committed the offense.

3            There's a four-level increase because at

4    least one of the firearms had an obliterated serial

5    number, another four-level increase because the

6    defendant used or possessed one or more firearms or

7    ammunition in connection with another felony offense,

8    and specifically, intimidation with a dangerous

9    weapon and going armed with intent, both violations

10   of Iowa law.  So the adjusted offense level is 28.

11           At this point the Court preliminarily grants

12   the two-level reduction for acceptance of

13   responsibility.  I say that because in the event

14   during this sentencing that I hear things that

15   suggest to me that the defendant is not taking full

16   responsibility for his actions, the Court reserves

17   the right to go back and deny the two-level reduction

18   for acceptance.  So that gives us an adjusted offense

19   level of 26.

20           The defendant has a criminal history

21   category 6.  So under the Advisory Guidelines, the

22   guideline provisions are 120 to 150 months in federal

23   prison.  Probation is not an option.  Supervised

24   release would be two to three years, a fine of

25   $12,500 to $125,000, and defendant would have to pay

1    a $600 special assessment.  That's $100 on each count

2    of conviction.

3            I'm now ready to hear from the attorneys on

4    the issue of disposition.  Mr. Fairchild?

5            MR. FAIRCHILD:  Thank you, Your Honor.  The

6    United States and the defense attorney have agreed

7    that the sentence at the very top end of the range is

8    appropriate.  The only issue apparently open for

9    trial -- sentencing resolution is whether or not that

10   should be consecutive in part or in whole or

11   concurrent in part or in whole with the previous

12   undischarged state offense.

13           The United States stands on its brief

14   outlining its position in favor of a fully-

15   consecutive sentence.  I have provided a courtesy

16   copy.  I have provided a binder for the Court, which

17   should be before the court.  In addition, I do have

18   an untimely exhibit I would like to offer as well or

19   a demonstrative.  It's the firearm itself, which is

20   now back from the ATF locker.  I realize it is

21   untimely, but I am prepared to offer it as an exhibit

22   or demonstrative.

23           THE COURT:  All right.  First let's take up

24   the exhibit booklet that was sent to me in advance.

25   There's Exhibit 181B, 5.1 through 5.4, 6.1 through

Case 5:07-cr-04092-LTS-KEM   Document 55   Filed 03/20/17   Page 9 of 37

1    6.3, 7.1 through 7.3, 8.1 through 8.3, 9.1 through

2    9.14.  Any objections, Mr. Greer?

3            MR. GREER:  My only objection would be that

4    it -- really as far as the title of it being a

5    rebuttal exhibit, I don't think it's really rebutting

6    anything.  The government filed a sentencing

7    memorandum saying there aren't any issues, we're not

8    going to call any witnesses, we don't have any

9    exhibits, we have agreed to 150 months.  I responded

10   and said you're absolutely right.

11           I said -- I did mention to Mr. Fairchild the

12   only thing that hadn't been spelled out in the plea

13   agreement that his office prepared was whether it

14   would be consecutive or concurrent to the state

15   charge which Mr. Gutierrez was already serving.  That

16   matter is completely discretionary in Your Honor.

17   I'm not going to violate the terms of the defendant's

18   plea agreement, but I don't see how my having just

19   raised this issue that was just out there -- it

20   doesn't really matter too much anyway, because I

21   understand this discharge date on the failure to

22   affix drug tax stamp charge, the state charge, would

23   be August 16th of '09, that was his expected

24   discharge date.  Probably the state of Iowa is not

25   going to want him back.

1          THE COURT:  My guess is based on my years in
2    state court and federal court, the state will
3    immediately parole to the federal detainer to open
4    another bed space in their facilities.
5          MR. GREER:  That's what I guessed as well,
6    Your Honor.
7          THE COURT:  Well, let me ask you this a
8    little differently.  What's the prejudice?  Isn't all
9    of this in the presentence report?
10          MR. GREER:  It is, Your Honor.  My only --
11    I'm not objecting to it, except I am making a record
12    that I don't believe there's anything that I did to
13    negate the plea agreement or open any doors for
14    anything else in this case.
15          MR. FAIRCHILD:  I don't believe the defense
16    attorney has negated the plea agreement.  I think
17    what he did by definition is to put at issue
18    something that wasn't understood.  It is extra to the
19    plea agreement.  It is exactly the kind of material
20    that one would think would invite rebuttal exhibits.
21    I offer them as rebuttal exhibits.
22          THE COURT:  First of all, the Court sees no
23    prejudice in receiving further information that
24    already visually depicts what's in the presentence
25    investigation report.  I think when the defense

1    attorney suggested that these -- that the crimes that

2    Mr. Gutierrez pled guilty to in federal court should

3    be sentenced concurrently with the state charges, I

4    think that raises the issues for which these exhibits

5    would be relevant.  Because one of the things the

6    Court has to consider in deciding concurrent or

7    consecutive are that I have to consider all the

8    statutory factors at 18USC 3553(a).  So I think these

9    exhibits become relevant, and the Court does accept

10    them.

11          With regard to the semi-automatic weapon

12    that was used in the offense, I don't know that I

13    need to take that as an exhibit, but certainly if you

14    want to show it to the Court, I would be happy to

15    view it.

16          MR. FAIRCHILD:  I would do so at this time

17    then, Your Honor.

18          THE COURT:  All right.

19          MR. FAIRCHILD:  I am standing up with a

20    semi-automatic weapon pictured in the exhibits and

21    discussed at length in the offense conduct statement.

22    It is without a stock, semi-automatic pistol grip,

23    obliterated serial number.  I can make it available

24    for further inspection.

25          THE COURT:  Mr. Greer, would you like to

1   look at the weapon?

2           MR. GREER:  No, Your Honor.

3           MR. FAIRCHILD:  May I approach?

4           THE COURT:  Yes.  And this has been made

5   safe by the Marshal Service?

6           MR. FAIRCHILD:  Yes, Your Honor.  There is a

7   tag.

8           THE COURT:  So I did admit, I think, the

9   paper Exhibits 1A through 9.14 and all the subparts.

10          All right, Mr. Fairchild, is there further

11  record that you would like to make on this

12  disposition?

13          MR. FAIRCHILD:  No, Your Honor.  Thank you.

14          THE COURT:  Mr. Greer, now is the time to

15  hear from defense counsel on the issue of this

16  disposition.

17          MR. GREER:  Thank you.  May it please the

18  Court, I did submit an exhibit letter from

19  Mary Freeman.  I'll offer that into evidence.

20          MR. FAIRCHILD:  No objection.

21          THE COURT:  Received.

22          MR. GREER:  As far as disposition, I would

23  encourage the Court to adopt the agreement that the

24  government and the defendant made in this case as an

25  extra and how it fits into the presentence report.  I

1   would remind the Court I think what was conveyed the

2   day of the plea taking, which was somewhat late in

3   the proceedings, the name of a person in jail with

4   Victor was listed as a witness.  He was listed as a

5   witness, so somebody said Victor told me he was the

6   shooter in this case.

7           We were late in the matter, and I see the

8   PSIR calculated in the guidelines doesn't only give

9   him two levels now for the acceptance.  The other

10  thing on that that was important to me --

11          THE COURT:  I'm sorry, I don't understand

12  your point.  What are you talking about?  The

13  agreement, I think, is as set out in the presentence

14  report.  Are you arguing that your client should have

15  had one additional level for acceptance or what are

16  you arguing here?

17          MR. GREER:  No.  I'm asking the Court to

18  abide by the plea agreement and sentence him with

19  150, and I'm explaining why he only -- why his plea

20  was late in forthcoming.  And also what this

21  gentleman said was that Victor was very sorry about

22  this.  And this is somebody in jail, this isn't the

23  probation officer or the policeman.

24          MR. FAIRCHILD:  Objection; I don't believe

25  this is in the record, Your Honor.

1          MR. GREER:  It's in the discovery file.

2          THE COURT:  All right.  First of all, I

3    don't know anything about who you're talking about or

4    how this is exactly relevant.  Mr. Fairchild, do you

5    know who he's talking about?

6          MR. FAIRCHILD:  He is talking about a person

7    with -- I'm a little bit reluctant as to how much

8    detail to go into.  This Court has previously

9    sentenced two men.  He is talking about one of whom

10   whose identity was withheld from the discovery file

11   until probably a month or so before trial.  If I

12   might respond more broadly to one thing Mr. Greer

13   said?

14         THE COURT:  Yes.

15         MR. FAIRCHILD:  The second fellow, so the

16   first person who wasn't in the discovery file until

17   later, he did, as Mr. Greer said, hide this firearm

18   and then have a conversation with the defendant.

19   However, long before that, the person in the back

20   seat of the car who witnessed Mr. Gutierrez fire the

21   weapon in the drive-by shooting, his information was

22   fully in the discovery file.

23         So not only do I not understand this to be

24   relevant in any way whatsoever given the plea

25   agreement, but I don't understand how an eyewitness

```
 1    testimony of a person during the shooting is less
 2    important than the eyewitness testimony of someone
 3    who later on hid the firearm.
 4         THE COURT:  Yeah.  I'm not following this at
 5    all, because I thought there was an agreement at
 6    150 months.  The Court, of course, doesn't have to
 7    adopt that agreement between the parties, and as I'll
 8    get into in a few more minutes, there's more than
 9    enough for the Court to depart upward beyond
10    150 months.  But I would advise you that you have to
11    be careful that you're not persuading the Court not
12    to adopt the 150 months that the parties have agreed
13    to.
14         MR. GREER:  I'm not going to do that at all.
15         THE COURT:  I'm not following the relevance
16    of what you're telling me.  Go ahead.
17         MR. GREER:  I'll simply say no more and have
18    the case submitted and see if Mr. Gutierrez, I'm
19    sure, will be given an opportunity to allocute and
20    tell you how sorry he is about his actions in this
21    case.
22         THE COURT:  Mr. Gutierrez, this is the time
23    in the proceeding when you have an opportunity to
24    speak.  You are not required to say anything, but I'm
25    willing to listen to anything you would like to say.
```

```
 1              THE DEFENDANT:  First of all, I just want to
 2    say I'm sorry for what I did.  You know, drugs had a
 3    big factor to it.  At the time when it happened, I
 4    wasn't aware that anyone was in the house.
 5              (Request by the Court Reporter for Defendant
 6    to speak up.)
 7              THE COURT:  I think the last thing she got
 8    was at the time that it happened, I wasn't aware that
 9    anyone was in the house.
10              THE DEFENDANT:  I'm thankful that nobody got
11    hurt.  What -- There was drugs involved, gang
12    activity and stuff.  The only thing I can say is
13    thank God nobody was hurt, because I'd be in a worse
14    situation than I was now.  I do regret what I did.
15    It ain't something that I do all the time.  It will
16    never happen again, I know that.  Just -- I don't
17    know what to say.  I'm pretty nervous right now.  I
18    don't know what to say.  I just hope that you agree
19    with the -- you know, the agreement.
20              THE COURT:  Mr. Fairchild, anything else,
21    sir?
22              MR. FAIRCHILD:  No.  Thank you, Your Honor.
23              THE COURT:  Mr. Greer?
24              MR. GREER:  No, Your Honor.
25              THE COURT:  Then the Court is ready to make
```

```
1    its findings.  In arriving at a sentence, the Court
2    is required to consider all the statutory factors at
3    18 United States Code, Section 3553(a).  One of the
4    factors, of course, is the restitution factor.  And,
5    Mr. Fairchild, certainly the victim's family whose
6    home was shot up are true victims here and would be
7    invited by the Court to speak at this sentence
8    proceeding as well as to claim restitution against
9    these individuals who fired on their home.
10           MR. FAIRCHILD:  Thank you, Your Honor.  The
11   United States has communicated a similar sentiment to
12   the victims in this case.  For a combination of
13   reasons, they do not want to appear.  They do not
14   want to stand in a courtroom with Mr. Gutierrez and
15   explain fully the impact upon them by his conduct.
16           THE COURT:  Are those individuals requesting
17   a no-contact order?
18           MR. FAIRCHILD:  They have not requested it
19   Your Honor.  It might be prudent, Your Honor.
20           THE COURT:  Then on the issue of
21   restitution, which is one of the 3553(a) factors, the
22   Court recognizes there are identifiable victims of
23   this offense that would be entitled to restitution,
24   but the victims have made no claim and have declined
25   the invitation to appear and be heard or to file
```

1   anything regarding the impact of this crime on their

2   lives.

3           When we begin the sentencing procedure, the

4   first thing we do is compute the Advisory Guidelines

5   for sentencing using the United States Sentencing

6   Guidelines and the policies of the Sentencing

7   Commission.  I now confirm that the total offense

8   level is 26, criminal history category 6.  The Court

9   is required to consider the statutory provisions and

10  the kinds of sentences available under the statutes

11  of conviction.  I have done that.  We have made our

12  record on that.

13          The Court has considered the nature and

14  circumstances of the offense and the history and

15  characteristics of the defendant.  Mr. Gutierrez is

16  age 28, he has two dependent children that are in the

17  care of his mother.  This offense, of course, as

18  detailed very thoroughly by Mr. Moore in his report,

19  involves a gang-related drive-by shooting at the home

20  of a rival gang member with a semi-automatic firearm

21  with an obliterated serial number.

22          People were home when the house was sprayed

23  with live rounds, and fortunately no one was injured.

24  It is a little naive to suggest that there was no way

25  the defendant and his gang would have known that it

1    was an unoccupied house.  It's not like this was a

2    boarded-up house that had stood vacant.  It was

3    obviously a residence occupied by a family, and I

4    don't really find it particularly relevant whether or

5    not the defendant knew that someone was or was not

6    home at the particular time.

7              You have to ask yourself too, do those who

8    do drive-by shootings plan to do them when no one is

9    home so that the shock value does not register?  That

10   doesn't make sense to me.  I rather think drive-by

11   shootings are done with people at home so that the

12   message is delivered to the rival gang.  But that's

13   just my opinion of it.

14             Defendant's criminal conduct began in his

15   teens, age 14.  He started with larceny thefts,

16   possession of marijuana.  His first adult convictions

17   began at age 18, and already has so many of them that

18   I frankly gave up counting.  I have got at least

19   three assaults here, numerous possession of drugs and

20   drug paraphernalia.  I gave up counting the license

21   and driving offenses, the alcohol offenses.  He has

22   failures to appear, possession of forged instruments

23   and at least two OWIs that I counted.

24             The OWIs and the assaults are violent

25   criminal behavior in the opinion of the Court.

1    Obviously the assaults are because you're beating on
2    someone.  The OWIs are because of the risk that they
3    pose to innocent members of the public who are out on
4    the roadways and the sidewalks and also law
5    enforcement officers who have a sworn duty to protect
6    the public from people who drive who are drunk.
7          Defendant has 24 criminal history points
8    that score, and of course we know that only 13 of
9    those are needed for a category 6.  Clearly this
10   defendant is a career criminal at age 28.  He's an
11   alcohol and street drug abuser.  He has had treatment
12   and was offered follow-up treatment and declined
13   that.
14         He has had limited lawful employment.  When
15   we look at conditions of supervised release, clearly
16   we're going to be focusing on abstinence from drugs
17   and alcohol and testing and treatment to assure the
18   same.  Mr. Gutierrez is going to have to have full-
19   time verifiable employment, because people succeed on
20   supervision who have jobs and who are kept busy.
21   And, of course, we are going to also focus on his
22   prior gang activity and make sure that he is not
23   associating with gangs while he's under the
24   supervision of the Court.
25         This is clearly a case where the Court, but

```
 1    for the agreement of the parties, would have departed
 2    upward because of the defendant's prior criminal
 3    history and the likelihood of recidivism, the gang
 4    activity and the drugs.  But the Court does respect
 5    that the attorneys, who know much more about the case
 6    than the Court, have arrived at 150 months as a
 7    disposition, and the Court respects that process and
 8    the considerations that went into it.
 9          With regard to the concurrent versus
10    consecutive sentencing, I do have the power under
11    5G1.3(c) to impose a sentence in the instant offense
12    to run concurrently, partially concurrently or
13    consecutively to the undischarged term of
14    imprisonment in the state system to achieve a
15    reasonable punishment for the instant offense.
16    Comment 3 to the Guidelines sets forth the factors
17    that the Court should consider in making its
18    decision, and Mr. Fairchild discussed those in his
19    brief on pages 3 and 4.
20          The Court notes that the state sentence and
21    the criminal behavior leading to the conviction in
22    the state system are not related to the offenses of
23    conviction in the federal system except to the extent
24    that they're both serious criminal activity and have
25    a common theme of being drug-related.
```

1          Defendant was sentenced in state court to an
2    indeterminate sentence of five years in October of
3    2007, and I think as Mr. Greer pointed out and the
4    Court agrees, it is very unlikely that he'll serve
5    five years.  Generally as soon as there is a federal
6    conviction, whether it's good or bad, the State
7    paroles to the federal detainer.  Statistically it's
8    no secret that, in Iowa, prisoners serve a very small
9    percentage of the sentence that's imposed.
10         The federal criminal conduct leading to the
11   instant charge was very serious.  It was intentional,
12   it was premeditated, and it is the opinion of the
13   Court that the punishment that the defendant serves
14   in the state system should be a severe punishment
15   that's not diluted by concurrent sentences, and
16   similarly, the state conduct was serious and is
17   deserving of separate punishment undiluted by the
18   federal sentence.  So for those reasons the Court
19   will be running the state sentence consecutively --
20   or will be running the federal sentence consecutively
21   to the state sentence.  I suspect, as Mr. Greer
22   points out, that it really won't make much
23   difference, however.
24         So before I formally impose a sentence,
25   Mr. Fairchild, is there anything else you would like

1    to say?

2            MR. FAIRCHILD:  No, Your Honor.

3            THE COURT:  Mr. Greer?

4            MR. GREER:  Only, Your Honor, that Victor

5    would like a recommendation that he participate in a

6    drug treatment program, and he would like to be as

7    near to the Sioux City area as possible.  His

8    preference would be Oxford, if his classification

9    meets that criteria.

10           THE COURT:  On the issue of drug treatment,

11   he may or may not qualify for the 500-hour program

12   based on his violent past and the violence involved

13   in this offense, but I will recommend some type of

14   drug treatment.  I do not specifically designate to

15   any BOP facility.  I can't designate and I don't

16   recommend.  And the reason I don't give

17   recommendations is I think the Bureau of Prisons is

18   in a much better position to evaluate the security

19   issues and your client's needs, and so I just stay

20   totally out of that and leave it to the Bureau of

21   Prisons.

22           Then it is the judgment of the Court that

23   Victor Gutierrez is hereby committed to the custody

24   of the Bureau of Prisons to be imprisoned for a total

25   term of 150 months.  This term consists of 120 months

1    on count 1 and count 2 of the superseding indictment

2    and 60 months on counts 3 through 6 of the

3    superseding indictment.  Actually I think it's a

4    second superseding indictment.

5           I order that these terms of imprisonment be

6    served concurrently with each other, but that

7    30 months of the term imposed on count 1 of the

8    superseding indictment be imposed to run

9    consecutively to the terms imposed on counts 2 to

10   through 6 of the superseding indictment.  This is how

11   we get a resulting total term of 150 months.  All

12   counts shall run consecutively or back to back with

13   the sentence imposed in Woodbury County Case Number

14   FECR 054664.

15          The Court makes two recommendations to the

16   Bureau of Prisons, first, that the defendant

17   participate in a drug abuse treatment program, and

18   second, that he be designated to a Bureau of Prisons

19   facility in close proximity to his family,

20   commensurate with his security and custody and

21   classification need.

22          Mr. Gutierrez, when you get out of prison

23   you'll be on supervised release for a term of three

24   years.  This term consists of three years on counts 1

25   through 6 of the second superseding indictment, and

1    these terms will be served concurrently.

2            Within 72 hours of release from custody of

3    Bureau of Prisons you shall report in person to the

4    probation office in the district to which you are

5    released.  While you're on supervised release you

6    shall comply with the standard conditions of

7    supervision.  Those will be set out in the judgment

8    order.

9            In addition, you must not commit any

10   federal, state or local crimes, you shall not

11   illegally possess a controlled substance, you shall

12   not possess a firearm, ammunition, a destructive

13   device or dangerous weapon, and you shall cooperate

14   in the collection of a DNA sample.

15           I want to remind you that even after you are

16   off court supervision you cannot possess a firearm or

17   ammunition for any reason.  If you do, you will --

18   you will probably be apprehended, and were you to be

19   convicted, you would be facing a very serious fine --

20   time in prison, a fine and other punishment,

21   especially in light of your very serious criminal

22   history.

23           While on supervised release you must comply

24   with the following conditions, these will be

25   implemented by probation.  First, you must

```
 1    participate in and successfully complete a program of
 2    testing and treatment for substance abuse.  Second,
 3    you cannot use alcohol while you're under court
 4    supervision, and you cannot enter bars, taverns or
 5    other establishments whose primary source of income
 6    is derived from the sale of alcohol.  Third, you must
 7    obtain verifiable employment, and it must be
 8    pre-approved by your probation officer.
 9            Fourth, you must not knowingly associate
10    with any member, prospect or associate member of any
11    gang without the prior approval of the probation
12    officer.  If you are found to be in the company of
13    such individuals while wearing the clothing, colors
14    or insignia of a gang, the Court will presume that
15    this association was for the purpose of participating
16    in gang activities.
17            Fifth, you will be subject to the standard
18    search conditions of this Court.  Any search will be
19    based on reasonable suspicion and will be conducted
20    in a reasonable manner, and the specifics of the
21    condition will be set out in the judgment order.
22    Sixth, you are to have no contact directly or
23    indirectly with the victim of this crime or his
24    family members.  And when I say no contact, that
25    means you are not allowed to speak to them, to call
```

1   them on the phone, send them messages on the

2   computer, and you are not indirectly to have any

3   contact with them.  And by that I mean you can't tell

4   your friend, hey, Fred, go tell Mr. Victim blah,

5   blah, blah.  If you do that, you are in violation of

6   this Court's conditions, and it would be under these

7   circumstances almost certainly a trip back to prison.

8           I find that you do not have the ability to

9   pay a fine, and no fine is imposed.  I order that you

10  pay to the United States a special assessment of $100

11  per count of conviction for a total of $600.  That is

12  due and payable immediately.  There are advantages to

13  having your special assessment paid before you are

14  designated to a Bureau of Prisons facility.  So if

15  you have $600 or your family does, I recommend that

16  that be paid to the clerk of court today, and their

17  offices are in this building.

18          Defendant shall forfeit to the United States

19  all property set forth in this preliminary order of

20  forfeiture entered January 26, 2009, as Document

21  Number 40 in the records of the Court pursuant to

22  18 United States Code Section 3143(a)(2).  You are

23  hereby immediately remanded to the custody of the

24  United States Marshal to be returned to the State of

25  Iowa Department of Corrections to serve the remainder

1    of your state term of imprisonment.

2            Mr. Gutierrez, pursuant to the written plea

3    agreement, you have given up your right to appeal

4    except in very limited circumstances.  If you think

5    that one of those limited circumstances applies, then

6    the way you would file an appeal is to file a written

7    notice of appeal with the clerk of court here in the

8    United States District Court for the Northern

9    District of Iowa at Cedar Rapids, Iowa.

10           If you do not file a written notice of

11   appeal within the next ten days, you forever give up

12   your right to challenge this judgment and sentence.

13   If you would like to appeal and you cannot afford the

14   services of an attorney, the Court will appoint an

15   attorney to represent you on appeal.

16           Mr. Fairchild, I don't think we have any

17   counts to be dismissed, do we?

18           MR. FAIRCHILD:  Correct.  The United States

19   is not dismissing any counts.

20           THE COURT:  Mr. Gutierrez, I want to just

21   talk about one other thing with you -- and I'm hoping

22   that Mr. Greer will do this as well -- you have a

23   lengthy history in the state court system, and you've

24   violated court supervision many times and really did

25   not suffer very dire consequences as a result.  You

1   need to know that the federal system is entirely

2   different.  This is a zero-tolerance court.  That

3   means if you use drugs, if you don't report in, if

4   you commit other criminal acts while you're under

5   court supervision, you run a very real chance of

6   being returned to prison.

7           You're going to be in prison for 150 months.

8   There's programming in the Bureau of Prisons.  If you

9   want to make changes in your life, the opportunities

10  will be there.  If you don't, then when you come out,

11  you'll probably be in and out of this court for a

12  very long time.  So I would urge you to rethink how

13  you have been leading your life, give some thought to

14  making some changes, and take some action to make

15  that happen.

16          Mr. Gutierrez, I have covered a lot of

17  material today.  Was there anything that I talked

18  about that you did not understand or you would like

19  me to talk about in more detail?

20          THE DEFENDANT:  No, Your Honor.  I

21  understand.

22          THE COURT:  Good luck to you.  Thank you.

23          (Proceedings concluded at 2:11 p.m.)

24

25

```
1                        CERTIFICATE
2              I, the undersigned, a Certified Shorthand
3    Reporter of the State of Iowa, do hereby certify that
4    I acted as the Certified Shorthand Reporter in the
5    foregoing matter at the time and place indicated
6    herein; that I took in shorthand the proceedings had
7    at said time and place; that said shorthand notes
8    were reduced to print under my supervision and
9    direction by means of computer-aided transcription;
10   and that the foregoing pages are a full and correct
11   transcript of the shorthand notes so taken.
12
13             IN WITNESS WHEREOF, I have hereunto set my
14   hand this 16th day of March, 2017.
15
16
17                        /s/   Karrie Truitt
18                        Karrie D. Truitt
19                        Certified Shorthand Reporter
20
21
22
23
24
25
```

*Sarah J. Dittmer, CSR, RPR*
*1(888)388-2723*

## $

**$100** [6] - 3:14, 4:2, 4:16, 5:1, 9:1, 28:10
**$12,500** [1] - 8:25
**$125,000** [1] - 8:25
**$250,000** [4] - 3:13, 4:2, 4:15, 4:25
**$600** [3] - 9:1, 28:11, 28:15

## '

**'09** [1] - 10:23

## 0

**054664** [1] - 25:14

## 1

**1** [6] - 3:1, 3:12, 7:19, 25:1, 25:7, 25:24
**11** [1] - 7:18
**12** [1] - 2:15
**120** [1] - 8:22, 24:25
**12th** [1] - 1:11
**13** [2] - 1:23, 21:8
**14** [1] - 20:15
**150** [10] - 8:22, 10:9, 14:19, 16:6, 16:10, 16:12, 22:6, 24:25, 25:11, 30:7
**15th** [1] - 1:25
**16th** [2] - 1:25, 10:23
**18** [3] - 18:3, 20:17, 28:22
**181B** [1] - 9:25
**18USC** [1] - 12:8
**1:28** [1] - 1:12
**1A** [1] - 13:9

## 2

**2** [5] - 3:1, 3:12, 7:19, 25:1, 25:9
**20** [1] - 7:23
**2007** [1] - 23:3
**2008** [2] - 2:17, 6:16
**2009** [3] - 1:12, 2:15, 28:20
**2017** [2] - 1:25, 1:25
**215** [1] - 1:22
**22nd** [1] - 2:17
**24** [1] - 21:7
**26** [4] - 6:16, 8:19,

19:8, 28:20
**28** [3] - 8:10, 19:16, 21:10
**2:11** [1] - 30:23

## 3

**3** [5] - 3:18, 7:20, 22:16, 22:19, 25:2
**30** [1] - 25:7
**3143(a)(2)** [1] - 28:22
**3553(a** [1] - 18:21
**3553(a)** [2] - 12:8, 18:3
**3:08-cr-03040-LRR-1** [1] - 1:5

## 4

**4** [3] - 3:18, 7:20, 22:19
**40** [1] - 28:21
**4th** [2] - 1:20, 1:23

## 5

**5** [1] - 4:7
**5.1** [1] - 9:25
**5.4** [1] - 9:25
**500-hour** [1] - 24:11
**51101** [1] - 1:20
**51301-0215** [1] - 1:23
**5G1.3(c** [1] - 22:11

## 6

**6** [7] - 4:19, 8:21, 19:8, 21:9, 25:2, 25:10, 25:25
**6.1** [1] - 9:25
**6.3** [1] - 10:1
**60** [1] - 25:2
**600** [1] - 1:20
**670** [1] - 1:20

## 7

**7.1** [1] - 10:1
**7.3** [1] - 10:1
**72** [1] - 26:2
**74092** [1] - 2:8

## 8

**8.1** [1] - 10:1
**8.3** [1] - 10:1

## 9

**9.1** [1] - 10:1
**9.14** [2] - 10:2, 13:9

## A

**abide** [1] - 14:18
**ability** [1] - 28:8
**absolutely** [1] - 10:10
**abstinence** [1] - 21:16
**abuse** [2] - 25:17, 27:2
**abuser** [1] - 21:11
**accept** [1] - 12:9
**acceptance** [4] - 8:12, 8:18, 14:9, 14:15
**accepting** [1] - 7:25
**accepts** [1] - 7:16
**achieve** [1] - 22:14
**acted** [1] - 31:4
**action** [1] - 30:14
**actions** [2] - 8:16, 16:20
**activities** [1] - 27:16
**activity** [4] - 17:12, 21:22, 22:4, 22:24
**acts** [1] - 30:4
**addition** [2] - 9:17, 26:9
**additional** [1] - 14:15
**adjusted** [2] - 8:10, 8:18
**admit** [2] - 5:8, 13:8
**adopt** [3] - 13:23, 16:7, 16:12
**adult** [1] - 21:10
**advance** [1] - 9:24
**advantages** [1] - 28:12
**advise** [1] - 16:10
**Advisory** [5] - 5:25, 6:20, 7:17, 8:21, 19:4
**affix** [1] - 10:22
**afford** [1] - 29:13
**afternoon** [1] - 5:5
**age** [4] - 19:16, 20:15, 20:17, 21:10
**agree** [1] - 17:18
**agreed** [3] - 9:6, 10:9, 16:12
**agreement** [15] - 5:14, 10:13, 10:18, 11:13, 11:16, 11:19, 13:23, 14:13, 14:18, 15:25, 16:5, 16:7, 17:19, 22:1, 29:3
**agrees** [1] - 23:4

**ahead** [1] - 16:16
**aided** [1] - 31:9
**ain't** [1] - 17:15
**alcohol** [5] - 20:21, 21:11, 21:17, 27:3, 27:6
**allocute** [1] - 16:19
**allowed** [1] - 27:25
**almost** [1] - 28:7
**amended** [1] - 6:18
**America** [2] - 1:3, 2:7
**ammunition** [3] - 8:7, 26:12, 26:17
**answer** [1] - 7:13
**answered** [1] - 7:15
**anyway** [1] - 10:20
**appeal** [6] - 29:3, 29:6, 29:7, 29:11, 29:13, 29:15
**appear** [3] - 18:13, 18:25, 20:22
**Appearances** [1] - 1:18
**applies** [1] - 29:5
**appoint** [1] - 29:14
**apprehended** [1] - 26:18
**approach** [1] - 13:3
**appropriate** [1] - 9:8
**approval** [1] - 27:11
**approved** [1] - 27:8
**area** [1] - 24:7
**arguing** [2] - 14:14, 14:16
**armed** [1] - 8:9
**arrived** [1] - 22:6
**arriving** [1] - 18:1
**assaults** [3] - 20:19, 20:24, 21:1
**assessment** [7] - 3:15, 4:3, 4:16, 5:1, 9:1, 28:10, 28:13
**assignment** [1] - 1:13
**Assistant** [2] - 1:19, 2:10
**associate** [2] - 27:9, 27:10
**associating** [1] - 21:23
**association** [1] - 27:15
**assure** [1] - 21:17
**ATF** [1] - 9:20
**attorney** [8] - 2:9, 7:10, 7:13, 9:6, 11:16, 12:1, 29:14, 29:15
**Attorney** [3] - 1:19, 1:22, 2:10
**attorneys** [3] - 5:15,

9:3, 22:5
**August** [1] - 10:23
**automatic** [5] - 7:24, 12:11, 12:20, 12:22, 19:20
**available** [2] - 12:23, 19:10
**aware** [3] - 6:17, 17:4, 17:8

## B

**bad** [1] - 23:6
**bars** [1] - 27:4
**base** [1] - 7:22
**based** [3] - 11:1, 24:12, 27:19
**beating** [1] - 21:1
**become** [1] - 12:9
**bed** [1] - 11:4
**began** [2] - 20:14, 20:17
**begin** [2] - 2:3, 19:3
**beginning** [1] - 7:18
**behalf** [2] - 5:15, 5:20
**behavior** [2] - 20:25, 22:21
**better** [1] - 24:18
**between** [1] - 16:7
**beyond** [1] - 16:9
**big** [1] - 17:3
**binder** [1] - 9:16
**bit** [1] - 15:7
**blah** [3] - 28:4, 28:5
**boarded** [1] - 20:2
**boarded-up** [1] - 20:2
**booklet** [1] - 9:24
**BOP** [1] - 24:15
**Box** [1] - 1:22
**brief** [2] - 9:13, 22:19
**broadly** [1] - 15:12
**building** [1] - 28:17
**Bureau** [8] - 24:17, 24:20, 24:24, 25:16, 25:18, 26:3, 28:14, 30:8
**busy** [1] - 21:20

## C

**calculated** [1] - 14:8
**cannot** [4] - 26:16, 27:3, 27:4, 29:13
**capable** [1] - 7:24
**capacity** [1] - 7:25
**car** [1] - 15:20
**care** [1] - 19:17
**career** [1] - 21:10

careful [1] - 16:11
case [8] - 11:14, 13:24, 14:6, 16:18, 16:21, 18:12, 21:25, 22:5
Case [1] - 25:13
category [3] - 8:21, 19:8, 21:9
Cedar [1] - 29:9
certainly [3] - 12:13, 18:5, 28:7
CERTIFICATE [1] - 31:1
Certified [3] - 31:2, 31:4, 31:19
certify [1] - 31:3
challenge [1] - 29:12
chance [2] - 7:7, 30:5
changes [2] - 30:9, 30:14
characteristics [1] - 19:15
charge [4] - 10:15, 10:22, 23:11
charged [1] - 2:21
charges [2] - 2:25, 12:3
charging [3] - 3:2, 3:19, 4:7
Chief [1] - 1:16
children [1] - 19:16
circumstances [4] - 19:14, 28:7, 29:4, 29:5
City [3] - 1:11, 1:20, 24:7
claim [2] - 18:8, 18:24
classification [2] - 24:8, 25:21
clearly [3] - 21:9, 21:15, 21:25
clerk [2] - 28:16, 29:7
client [2] - 6:7, 14:14
client's [1] - 24:19
clients [1] - 5:16
close [1] - 25:19
clothing [1] - 27:13
Code [2] - 18:3, 28:22
collection [1] - 26:14
colors [1] - 27:13
combination [1] - 18:12
commencing [1] - 1:12
commensurate [1] - 25:20
comment [1] - 22:16
Commission [1] - 19:7
commit [2] - 26:9,
30:4
committed [2] - 8:2, 24:23
common [1] - 22:25
communicated [1] - 18:11
company [1] - 27:12
complete [1] - 27:1
completely [1] - 10:16
comply [2] - 26:6, 26:23
computation [3] - 5:24, 6:20, 7:17
compute [1] - 19:4
computer [1] - 28:2, 31:9
computer-aided [1] - 31:9
concerning [1] - 5:18
concluded [1] - 30:23
concurrent [5] - 9:11, 10:14, 12:6, 22:9, 23:15
concurrently [5] - 12:3, 22:12, 25:6, 26:1
condition [1] - 27:21
conditions [5] - 21:15, 26:6, 26:24, 27:18, 28:6
conduct [5] - 12:21, 18:15, 20:14, 23:10, 23:16
conducted [1] - 27:19
confirm [1] - 19:7
connection [1] - 8:7
consecutive [5] - 9:10, 9:15, 10:14, 12:7, 22:10
consecutively [5] - 22:13, 23:19, 23:20, 25:9, 25:12
consequences [1] - 29:25
consider [5] - 12:6, 12:7, 18:2, 19:9, 22:17
considerations [1] - 22:8
considered [1] - 19:13
consists [2] - 24:25, 25:24
conspiracies [1] - 7:22
conspiracy [2] - 4:8, 4:19
contact [4] - 18:17, 27:22, 27:24, 28:3
contained [1] - 6:17
controlled [1] - 26:11
conversation [1] - 15:18
conveyed [1] - 14:1
convicted [1] - 26:19
conviction [11] - 3:11, 3:13, 3:14, 4:1, 4:2, 9:2, 19:11, 22:21, 22:23, 23:6, 28:11
convictions [1] - 20:16
cooperate [1] - 26:13
copy [4] - 6:9, 6:18, 6:24, 9:16
correct [2] - 29:18, 31:10
Corrections [1] - 28:25
counsel [1] - 13:15
count [13] - 3:11, 3:13, 3:14, 4:1, 4:2, 4:14, 4:18, 4:19, 9:1, 25:1, 25:7, 28:11
Count [1] - 4:7
counted [1] - 20:23
counting [2] - 20:18, 20:20
counts [15] - 3:1, 3:9, 3:12, 3:18, 4:3, 5:9, 7:19, 7:20, 25:2, 25:9, 25:12, 25:24, 29:17, 29:19
County [1] - 25:13
course [5] - 16:6, 18:4, 19:17, 21:8, 21:21
Court [46] - 2:6, 2:14, 5:12, 5:17, 7:16, 8:11, 8:16, 9:16, 11:22, 12:6, 12:9, 12:14, 13:18, 13:23, 14:1, 14:17, 15:8, 16:6, 16:9, 16:11, 17:5, 17:25, 18:1, 18:7, 18:22, 19:8, 19:13, 20:25, 21:24, 21:25, 22:4, 22:6, 22:7, 22:17, 22:20, 23:4, 23:13, 23:18, 24:22, 25:15, 27:14, 27:18, 28:21, 29:8, 29:14
COURT [51] - 1:1, 2:2, 2:6, 2:20, 2:24, 3:5, 3:17, 3:22, 4:6, 4:11, 4:18, 4:22, 5:4, 5:8, 5:12, 5:23, 6:2, 6:5, 6:19, 6:23, 7:2, 7:5, 7:7, 7:12, 7:16, 9:23, 11:1, 11:7, 11:22, 12:18, 12:25, 13:4,
13:8, 13:14, 13:21, 14:11, 15:2, 15:14, 16:4, 16:15, 16:22, 17:7, 17:20, 17:23, 17:25, 18:16, 18:20, 24:3, 24:10, 29:20, 30:22
court [15] - 5:5, 9:17, 11:2, 12:2, 23:1, 26:16, 27:3, 28:16, 29:7, 29:23, 29:24, 30:2, 30:5, 30:11
Court's [1] - 28:6
courtesy [1] - 9:15
Courthouse [1] - 1:11
courtroom [1] - 18:14
covered [1] - 30:16
crime [2] - 19:1, 27:23
crimes [3] - 2:21, 12:1, 26:10
criminal [12] - 8:20, 19:8, 20:14, 20:25, 21:7, 21:10, 22:2, 22:21, 22:24, 23:10, 26:21, 30:4
Criminal [1] - 2:8
criteria [1] - 24:9
CSR [1] - 1:14
custody [4] - 24:23, 25:20, 26:2, 28:23

D

dangerous [2] - 8:8, 26:13
date [2] - 10:21, 10:24
dated [1] - 2:14
days [1] - 29:11
deciding [1] - 12:6
decision [2] - 22:18
declined [2] - 18:24, 21:12
defendant [16] - 8:1, 8:6, 8:15, 8:20, 8:25, 13:24, 15:18, 19:15, 19:25, 20:5, 21:7, 21:10, 23:1, 23:13, 25:16, 28:18
DEFENDANT [20] - 2:19, 2:23, 3:4, 3:16, 3:21, 4:5, 4:10, 4:17, 4:21, 5:3, 5:7, 5:11, 7:1, 7:4, 7:6, 7:11, 7:15, 17:1, 17:10, 30:20
Defendant [3] - 1:7, 1:23, 17:5
defendant's [1] - 10:17, 20:14, 22:2
defense [4] - 9:6, 11:15, 11:25, 13:15
definition [1] - 11:17
delivered [1] - 1:25, 20:12
demonstrative [2] - 9:19, 9:22
deny [1] - 8:17
depart [1] - 16:9
departed [1] - 22:1
Department [1] - 28:25
dependent [1] - 19:16
depicts [1] - 11:24
derived [1] - 27:6
deserving [1] - 23:17
designate [2] - 24:14, 24:15
designated [2] - 25:18, 28:14
destructive [1] - 26:12
detail [2] - 15:8, 30:19
detailed [2] - 6:14, 19:18
detainer [2] - 11:3, 23:7
device [1] - 26:13
difference [1] - 23:23
different [1] - 30:2
differently [1] - 11:8
diluted [1] - 23:15
dire [1] - 29:25
direction [1] - 31:9
directly [1] - 27:22
discharge [2] - 10:21, 10:24
discovery [4] - 15:1, 15:10, 15:16, 15:22
discretionary [1] - 10:16
discuss [1] - 7:9
discussed [2] - 12:21, 22:18
dismissed [1] - 29:17
dismissing [1] - 29:19
disposition [5] - 9:4, 13:12, 13:16, 13:22, 22:7
District [2] - 29:8, 29:9
district [1] - 26:4
DISTRICT [2] - 1:1, 1:1
DIVISION [1] - 1:2
DNA [1] - 26:14
Document [1] - 28:20
done [3] - 5:23, 19:11, 20:11
doors [1] - 11:13
draft [3] - 6:9, 6:15, 6:24

drive [5] - 15:21, 19:19, 20:8, 20:10, 21:6
drive-by [4] - 15:21, 19:19, 20:8, 20:10
driving [1] - 20:21
drug [8] - 10:22, 20:20, 21:11, 22:25, 24:6, 24:10, 24:14, 25:17
drug-related [1] - 22:25
drugs [6] - 17:2, 17:11, 20:19, 21:16, 22:4, 30:3
drunk [1] - 21:6
due [1] - 28:12
duration [4] - 3:10, 3:25, 4:13, 4:24
during [2] - 8:14, 16:1
duty [1] - 21:5

**E**

employment [3] - 21:14, 21:19, 27:7
encourage [1] - 13:23
end [1] - 9:7
enforcement [1] - 21:5
English [1] - 6:11
enter [1] - 27:4
entered [1] - 28:20
entirely [1] - 30:1
entitled [1] - 18:23
especially [1] - 26:21
establishments [1] - 27:5
evaluate [1] - 24:18
event [1] - 8:13
evidence [1] - 13:19
exactly [2] - 11:19, 15:4
except [3] - 11:11, 22:23, 29:4
Excerpt [1] - 1:10
exhibit [6] - 9:18, 9:21, 9:24, 10:5, 12:13, 13:18
Exhibit [1] - 9:25
Exhibits [1] - 13:9
exhibits [6] - 10:9, 11:20, 11:21, 12:4, 12:9, 12:20
expected [1] - 10:23
explain [1] - 18:15
explaining [1] - 14:19
extent [1] - 22:23
extra [2] - 11:18, 13:25
eyes [1] - 7:3

eyewitness [2] - 15:25, 16:2

**F**

facilities [1] - 11:4
facility [3] - 24:15, 25:19, 28:14
facing [1] - 26:19
fact [1] - 7:5
factor [2] - 17:3, 18:4
factors [5] - 12:8, 18:2, 18:4, 18:21, 22:16
failure [1] - 10:21
failures [1] - 20:22
FAIRCHILD [11] - 2:5, 5:22, 6:1, 9:5, 11:15, 12:16, 12:19, 13:3, 13:6, 13:13, 13:20, 14:24, 15:6, 15:15, 17:22, 18:10, 18:18, 24:2, 29:18
Fairchild [12] - 1:19, 2:11, 5:19, 9:4, 10:11, 13:10, 15:4, 17:20, 18:5, 22:18, 23:25, 29:16
family [5] - 18:5, 20:3, 25:19, 27:24, 28:15
far [2] - 10:4, 13:22
favor [1] - 9:14
February [2] - 1:12, 1:25
FECR [1] - 25:14
federal [14] - 2:21, 3:8, 8:22, 11:2, 11:3, 12:2, 22:23, 23:5, 23:7, 23:10, 23:18, 23:20, 26:10, 30:1
Federal [1] - 1:11
fellow [1] - 15:15
felon [3] - 3:3, 4:20, 7:20
felony [1] - 8:7
few [1] - 16:8
fifth [1] - 27:17
file [8] - 15:1, 15:10, 15:16, 15:22, 18:25, 29:6, 29:10
filed [3] - 5:15, 6:16, 10:6
final [2] - 4:18, 6:17
findings [1] - 18:1
fine [9] - 3:12, 4:1, 4:15, 4:25, 8:24, 28:6, 28:20, 28:9
fire [1] - 15:20
firearm [13] - 3:2,

3:19, 4:8, 4:19, 7:20, 7:21, 7:24, 9:19, 15:17, 16:3, 19:20, 26:12, 26:16
firearms [2] - 8:4, 8:6
fired [1] - 18:9
first [11] - 6:9, 6:15, 9:23, 11:22, 15:2, 15:16, 17:1, 19:4, 20:16, 25:16, 26:25
fits [1] - 13:25
five [9] - 3:10, 3:23, 3:25, 4:11, 4:13, 4:22, 4:24, 23:2, 23:5
focus [1] - 21:21
focusing [1] - 21:16
follow [1] - 21:12
follow-up [1] - 21:12
following [3] - 16:4, 16:15, 26:24
FOR [1] - 1:1
Forde [2] - 1:19, 2:11
foregoing [2] - 31:5, 31:10
forever [1] - 29:11
forfeit [1] - 28:18
forfeiture [1] - 28:20
forged [1] - 20:22
formally [1] - 23:24
forth [2] - 22:16, 28:19
forthcoming [1] - 14:20
fortunately [1] - 19:23
four [2] - 8:3, 8:5
four-level [2] - 8:3, 8:5
fourth [1] - 27:9
frankly [1] - 20:18
Fred [1] - 28:4
Freeman [1] - 13:19
friend [1] - 28:4
full [3] - 8:15, 21:18, 31:10
fully [3] - 9:14, 15:22, 18:15

**G**

gang [10] - 17:11, 19:19, 19:20, 19:25, 20:12, 21:22, 22:3, 27:11, 27:14, 27:16
gang-related [1] - 19:19
gangs [1] - 21:23
generally [1] - 23:5
gentleman [1] - 14:21
given [3] - 15:24, 16:19, 29:3

God [1] - 17:13
government [2] - 10:6, 13:24
granted [4] - 3:10, 3:24, 4:12, 4:23
grants [1] - 8:11
GREER [16] - 2:4, 6:4, 6:8, 6:22, 10:3, 11:5, 11:10, 13:2, 13:17, 13:22, 14:17, 15:1, 16:14, 16:17, 17:24, 24:4
Greer [13] - 1:21, 2:10, 6:2, 10:2, 12:25, 13:14, 15:12, 15:17, 17:23, 23:3, 23:21, 24:3, 29:22
grip [1] - 12:22
guess [1] - 11:1
guessed [1] - 11:5
guideline [1] - 8:22
guidelines [1] - 14:8
Guidelines [7] - 5:25, 6:21, 7:17, 8:21, 19:4, 19:6, 22:16
guilty [8] - 2:20, 3:1, 3:17, 4:6, 5:6, 5:9, 12:2
Gutierrez [20] - 1:6, 2:7, 2:9, 2:16, 5:18, 6:3, 6:23, 10:15, 12:2, 15:20, 16:18, 16:22, 18:14, 19:15, 21:18, 24:23, 25:22, 29:2, 29:20, 30:16

**H**

hand [1] - 31:14
happy [1] - 12:14
hear [3] - 8:14, 9:3, 13:15
heard [1] - 18:25
held [1] - 1:10
hereby [3] - 24:23, 28:23, 31:3
herein [1] - 31:6
hereunto [1] - 31:13
hid [1] - 16:3
hide [1] - 15:17
history [7] - 8:20, 19:8, 19:14, 21:7, 22:3, 26:22, 29:23
home [7] - 18:6, 18:9, 19:19, 19:22, 20:6, 20:9, 20:11
Honor [38] - 2:4, 2:5, 2:19, 2:23, 3:4, 3:16, 3:21, 4:5, 4:10, 4:17,

4:21, 5:3, 5:22, 6:1, 6:4, 6:16, 6:22, 7:1, 7:4, 7:6, 7:11, 9:5, 10:16, 11:6, 11:10, 12:17, 13:2, 13:6, 13:13, 14:25, 17:22, 17:24, 18:10, 18:19, 24:2, 24:4, 30:20
hope [1] - 17:18
hoping [1] - 29:21
hours [1] - 26:2
house [5] - 17:4, 17:9, 19:22, 20:1, 20:2
hurt [2] - 17:11, 17:13

**I**

identifiable [1] - 18:22
identity [1] - 15:10
illegally [1] - 26:11
immediately [3] - 11:3, 28:12, 28:23
impact [2] - 18:15, 19:1
implemented [1] - 26:25
important [2] - 14:10, 16:2
impose [2] - 22:11, 23:24
imposed [6] - 23:9, 25:7, 25:8, 25:9, 25:13, 28:9
imprisoned [1] - 24:24
imprisonment [3] - 22:14, 25:5, 29:1
IN [2] - 1:1, 31:13
income [1] - 27:5
increase [2] - 8:3, 8:5
independent [1] - 5:18
indeterminate [1] - 23:2
indicated [1] - 31:5
indictment [9] - 2:22, 3:18, 4:7, 25:1, 25:3, 25:4, 25:8, 25:10, 25:25
indirectly [2] - 27:23, 28:2
individuals [3] - 18:9, 18:16, 27:13
information [4] - 2:13, 5:18, 11:23, 15:21
initial [1] - 6:15
injured [1] - 19:23
innocent [1] - 21:3
insignia [1] - 27:14
inspection [1] - 12:24
instant [3] - 22:11,

22:15, 23:11
**instruments** [1] - 20:22
**intelligent** [1] - 6:11
**intent** [1] - 8:9
**intentional** [1] - 23:11
**intimidation** [1] - 8:8
**investigation** [4] - 5:13, 5:21, 6:25, 11:25
**invitation** [1] - 18:25
**invite** [1] - 11:20
**invited** [1] - 18:7
**involved** [3] - 7:23, 17:11, 24:12
**involves** [1] - 19:19
**IOWA** [1] - 1:1
**Iowa** [10] - 1:11, 1:20, 1:23, 8:10, 10:24, 23:8, 28:25, 29:9, 31:3
**issue** [7] - 9:4, 9:8, 10:19, 11:17, 13:15, 18:20, 24:10
**issues** [4] - 7:9, 10:7, 12:4, 24:19
**itself** [1] - 9:19

**J**

**jail** [2] - 14:3, 14:22
**January** [2] - 2:15, 28:20
**jobs** [1] - 21:20
**John** [2] - 1:21, 2:10
**Judge** [1] - 1:16
**judgment** [4] - 24:22, 26:7, 27:21, 29:12

**K**

**Karrie** [2] - 1:13, 31:18
**kept** [1] - 21:20
**kind** [1] - 11:19
**kinds** [1] - 19:10
**knowingly** [1] - 27:9
**known** [1] - 19:25

**L**

**larceny** [1] - 20:15
**large** [1] - 7:25
**large-capacity** [1] - 7:25
**last** [2] - 3:6, 17:7
**late** [3] - 14:2, 14:7, 14:20
**Law** [1] - 1:22

**law** [2] - 8:10, 21:4
**lawful** [1] - 21:14
**leading** [3] - 22:21, 23:10, 30:13
**least** [4] - 7:24, 8:4, 20:18, 20:23
**leave** [1] - 24:20
**length** [1] - 12:21
**lengthy** [1] - 29:23
**less** [1] - 16:1
**letter** [1] - 13:18
**level** [9] - 7:23, 8:3, 8:5, 8:10, 8:12, 8:17, 8:19, 14:15, 19:8
**levels** [1] - 14:9
**license** [1] - 20:20
**life** [2] - 30:9, 30:13
**light** [1] - 26:21
**likelihood** [1] - 22:3
**limited** [3] - 21:14, 29:4, 29:5
**Linda** [1] - 1:16
**listed** [2] - 14:4
**listen** [1] - 16:25
**live** [1] - 19:23
**lives** [1] - 19:2
**local** [1] - 26:10
**locker** [1] - 9:20
**look** [2] - 13:1, 21:15
**luck** [1] - 30:22

**M**

**magazine** [1] - 7:25
**manner** [1] - 27:20
**March** [1] - 1:25
**marijuana** [1] - 20:16
**Marshal** [2] - 13:5, 28:24
**Mary** [1] - 13:19
**material** [2] - 11:19, 30:17
**matter** [5] - 2:6, 10:16, 10:20, 14:7, 31:5
**mean** [1] - 28:3
**means** [3] - 27:25, 30:3, 31:9
**meets** [1] - 24:9
**member** [3] - 19:20, 27:10
**members** [2] - 21:3, 27:24
**memorandum** [1] - 10:7
**memos** [1] - 5:15
**men** [1] - 15:9
**mention** [1] - 10:11
**message** [1] - 20:12
**messages** [1] - 28:1

**met** [1] - 6:13
**might** [2] - 15:12, 18:19
**minutes** [1] - 16:8
**month** [1] - 15:11
**months** [12] - 8:22, 10:9, 16:6, 16:10, 16:12, 22:6, 24:25, 25:2, 25:7, 25:11, 30:7
**Moore** [3] - 2:12, 19:18
**mother** [1] - 19:17
**MR** [35] - 2:4, 2:5, 5:22, 6:1, 6:4, 6:8, 6:22, 9:5, 10:3, 11:5, 11:10, 11:15, 12:16, 12:19, 13:2, 13:3, 13:6, 13:13, 13:17, 13:20, 13:22, 14:17, 14:24, 15:1, 15:6, 15:15, 16:14, 16:17, 17:22, 17:24, 18:10, 18:18, 24:2, 24:4, 29:18
**must** [6] - 26:9, 26:23, 26:25, 27:6, 27:7, 27:9

**N**

**naive** [1] - 19:24
**name** [1] - 14:3
**nature** [1] - 19:13
**near** [1] - 24:7
**need** [3] - 12:13, 25:21, 30:1
**needed** [1] - 21:9
**needs** [1] - 24:19
**negate** [1] - 11:13
**negated** [1] - 11:16
**nervous** [1] - 17:17
**never** [1] - 17:16
**next** [1] - 29:11
**no-contact** [1] - 18:17
**nobody** [2] - 17:10, 17:13
**Northern** [1] - 29:8
**NORTHERN** [1] - 1:1
**notes** [3] - 22:20, 31:7, 31:11
**notice** [2] - 29:7, 29:10
**November** [1] - 6:16
**Number** [3] - 2:8, 25:13, 28:21
**number** [5] - 3:20, 4:9, 8:5, 12:23, 19:21
**numbers** [1] - 7:22

**numerous** [1] - 20:19

**O**

**objecting** [1] - 11:11
**objection** [3] - 10:3, 13:20, 14:24
**objections** [4] - 5:24, 6:15, 6:20, 10:2
**obliterated** [6] - 3:20, 4:8, 7:21, 8:4, 12:23, 19:21
**obtain** [1] - 27:7
**obviously** [2] - 20:3, 21:1
**occupied** [1] - 20:3
**October** [1] - 23:2
**OF** [1] - 1:1
**offense** [16] - 7:22, 7:23, 8:2, 8:7, 8:10, 8:18, 9:12, 12:12, 12:21, 18:23, 19:7, 19:14, 19:17, 22:11, 22:15, 24:13
**offenses** [4] - 3:7, 20:21, 22:22
**offer** [4] - 9:18, 9:21, 11:21, 13:19
**offered** [1] - 21:12
**office** [2] - 10:13, 26:4
**officer** [4] - 2:13, 14:23, 27:8, 27:12
**officers** [1] - 21:5
**offices** [1] - 19:3
**official** [1] - 5:17
**one** [18] - 3:10, 3:24, 4:13, 4:24, 7:24, 8:4, 8:6, 11:20, 12:5, 14:15, 15:9, 15:12, 18:3, 18:21, 19:23, 20:8, 29:5, 29:21
**open** [3] - 9:8, 11:3, 11:13
**opinion** [3] - 20:13, 20:25, 23:12
**opportunities** [1] - 30:9
**opportunity** [4] - 5:19, 7:2, 16:19, 16:23
**option** [4] - 3:8, 3:24, 4:12, 8:23
**order** [6] - 18:17, 25:5, 26:8, 27:21, 28:9, 28:19
**ordered** [1] - 1:25
**outlining** [1] - 9:14
**OWIs** [3] - 20:23, 20:24, 21:2
**own** [1] - 7:3

**Oxford** [1] - 24:8

**P**

**p.m** [2] - 1:12, 30:23
**P.O** [1] - 1:22
**page** [1] - 7:18
**pages** [2] - 22:19, 31:10
**paid** [2] - 28:13, 28:16
**paper** [1] - 13:9
**paragraphs** [1] - 6:10
**paraphernalia** [1] - 20:20
**parole** [1] - 11:3
**paroles** [1] - 23:7
**part** [2] - 9:10, 9:11
**partially** [1] - 22:12
**participate** [3] - 24:5, 25:17, 27:1
**participating** [1] - 27:15
**particular** [1] - 20:6
**particularly** [1] - 20:4
**parties** [3] - 16:7, 16:12, 22:1
**past** [1] - 24:12
**pay** [5] - 4:16, 5:1, 8:25, 28:9, 28:10
**payable** [1] - 28:12
**penalties** [2] - 2:25, 3:6
**penalty** [3] - 3:22, 4:11, 4:22
**people** [4] - 19:22, 20:11, 21:6, 21:19
**per** [1] - 28:11
**percentage** [1] - 23:9
**person** [8] - 6:12, 8:1, 14:3, 15:6, 15:16, 15:19, 16:1, 26:3
**personally** [1] - 6:13
**persuading** [1] - 16:11
**phone** [1] - 28:1
**pictured** [1] - 12:20
**pistol** [1] - 12:22
**place** [2] - 31:5, 31:7
**Plaintiff** [2] - 1:4, 1:20
**plan** [1] - 20:8
**plea** [12] - 2:18, 5:14, 10:12, 10:18, 11:13, 11:16, 11:19, 14:2, 14:18, 14:19, 15:24, 29:2
**pleading** [4] - 2:20, 3:1, 3:17, 4:6
**pleas** [1] - 5:6
**pled** [3] - 4:18, 5:9, 12:2

point [2] - 8:11, 14:12
pointed [1] - 23:3
points [2] - 21:7, 23:22
policeman [1] - 14:23
policies [1] - 19:6
pose [1] - 21:3
position [2] - 9:14, 24:18
possess [5] - 4:8, 4:19, 26:11, 26:12, 26:16
possessed [1] - 8:6
possession [7] - 3:2, 3:19, 7:19, 7:21, 20:16, 20:19, 20:22
possible [1] - 24:7
power [1] - 22:10
pre [2] - 2:13, 27:8
pre-approved [1] - 27:8
pre-sentence [1] - 2:13
preference [1] - 24:8
prejudice [2] - 11:8, 11:23
preliminarily [1] - 8:11
preliminary [1] - 28:19
premeditated [1] - 23:12
prepared [2] - 9:21, 10:13
present [1] - 2:12
presentence [7] - 5:13, 5:21, 6:24, 11:9, 11:24, 13:25, 14:13
presume [1] - 27:14
pretty [3] - 6:11, 6:14, 17:17
previous [1] - 9:11
previously [1] - 15:8
primary [1] - 27:5
print [1] - 31:8
prison [9] - 3:8, 3:23, 4:23, 8:23, 25:22, 26:20, 28:7, 30:6, 30:7
prisoners [1] - 23:8
Prisons [8] - 24:17, 24:21, 24:24, 25:16, 25:18, 26:3, 28:14, 30:8
probation [12] - 2:12, 3:8, 3:9, 3:24, 4:12, 4:23, 8:23, 14:23, 26:4, 26:25, 27:8, 27:11
procedure [1] - 19:3
proceeding [3] - 2:9,

16:23, 18:8
proceedings [3] - 1:10, 14:3, 31:6
Proceedings [1] - 30:23
process [1] - 22:7
program [4] - 24:6, 24:11, 25:17, 27:1
programming [1] - 30:8
prohibited [1] - 8:1
property [1] - 28:19
prospect [1] - 27:10
protect [1] - 21:5
provided [2] - 9:15, 9:16
provisions [1] - 8:22, 19:9
proximity [1] - 25:19
prudent [1] - 18:19
PSIR [1] - 14:8
public [2] - 21:3, 21:6
punishable [1] - 3:7
punishment [5] - 22:15, 23:13, 23:14, 23:17, 26:20
purpose [2] - 5:5, 27:15
pursuant [3] - 1:13, 28:21, 29:2
put [2] - 7:12, 11:17

**Q**

qualify [1] - 24:11
questions [1] - 7:12
quite [1] - 6:8

**R**

raised [2] - 7:9, 10:19
raises [1] - 12:4
range [1] - 9:7
Rapids [1] - 29:9
rather [1] - 20:10
read [4] - 5:12, 7:3, 7:5, 7:8
Reade [1] - 1:16
ready [3] - 2:3, 9:3, 17:25
real [1] - 30:5
realize [1] - 9:20
really [6] - 10:4, 10:5, 10:20, 20:4, 23:22, 29:24
reason [2] - 24:16, 26:17
reasonable [3] -

22:15, 27:19, 27:20
reasons [2] - 18:13, 23:18
rebuttal [3] - 10:5, 11:20, 11:21
rebutting [1] - 10:5
received [3] - 5:12, 6:13, 13:21
receiving [2] - 6:24, 11:23
recidivism [1] - 22:3
recognizes [1] - 18:22
recommend [3] - 24:13, 24:16, 28:15
recommendation [1] - 24:5
recommendations [2] - 24:17, 25:15
record [5] - 6:5, 11:11, 13:11, 14:25, 19:12
records [2] - 5:17, 28:21
reduced [1] - 31:8
reduction [2] - 8:12, 8:17
regard [3] - 7:18, 12:11, 22:9
regarding [1] - 19:1
register [1] - 20:9
regret [1] - 17:14
related [3] - 19:19, 22:22, 22:25
release [10] - 3:11, 3:25, 4:14, 4:25, 8:24, 21:15, 25:23, 26:2, 26:5, 26:23
released [1] - 26:5
relevance [1] - 16:15
relevant [5] - 12:5, 12:9, 15:4, 15:24, 20:4
reluctant [1] - 15:7
remainder [1] - 28:25
remaining [2] - 5:24, 6:19
remanded [1] - 28:23
remember [6] - 3:5, 3:15, 4:4, 4:16, 4:20, 6:12
remind [2] - 14:1, 26:15
report [16] - 2:14, 5:13, 5:21, 6:3, 6:6, 6:25, 7:3, 7:9, 7:18, 11:9, 11:25, 13:25, 14:14, 19:18, 26:3, 30:3
reported [1] - 1:13
Reporter [4] - 17:5, 31:3, 31:4, 31:19

represent [1] - 29:15
represents [1] - 2:11
Request [1] - 17:5
requested [1] - 18:18
requesting [1] - 18:16
required [3] - 16:24, 18:2, 19:9
reserves [1] - 8:16
residence [1] - 20:3
resolution [1] - 9:9
respect [1] - 22:4
respective [1] - 5:16
respects [1] - 22:7
respond [1] - 15:12
responded [1] - 10:9
responsibility [2] - 8:13, 8:16
restitution [4] - 18:4, 18:8, 18:21, 18:23
result [1] - 29:25
resulting [1] - 25:11
rethink [1] - 30:12
returned [2] - 28:24, 30:6
review [2] - 2:24, 5:20
reviewed [2] - 5:14
reviewing [1] - 6:6
risk [1] - 21:2
rival [2] - 19:20, 20:12
roadways [1] - 21:4
rounds [1] - 19:23
RPR [1] - 1:14
run [4] - 22:12, 25:8, 25:12, 30:5
running [2] - 23:19, 23:20

**S**

safe [1] - 13:5
sale [1] - 27:6
sample [1] - 26:14
satisfaction [1] - 7:14
score [1] - 21:8
search [2] - 27:18
seat [1] - 15:20
seated [1] - 2:2
second [7] - 2:21, 3:18, 15:15, 25:4, 25:18, 25:25, 27:2
secret [1] - 23:8
Section [2] - 18:3, 28:22
security [2] - 24:18, 25:20
see [3] - 10:18, 14:7, 16:18
sees [1] - 11:22
semi [5] - 7:24, 12:11,

12:20, 12:22, 19:20
semi-automatic [5] - 7:24, 12:11, 12:20, 12:22, 19:20
send [1] - 28:1
sense [1] - 20:10
sent [2] - 6:9, 9:24
sentence [19] - 2:13, 6:21, 7:17, 9:7, 9:15, 14:18, 18:1, 18:7, 22:11, 22:20, 23:2, 23:9, 23:18, 23:19, 23:20, 23:21, 23:24, 25:13, 29:12
sentenced [4] - 5:6, 12:3, 15:9, 23:1
sentences [2] - 19:10, 23:15
Sentencing [3] - 5:25, 19:5, 19:6
sentencing [7] - 2:8, 8:14, 9:9, 10:6, 19:3, 19:5, 22:10
sentiment [1] - 18:11
separate [1] - 23:17
September [2] - 2:17, 5:10
serial [6] - 3:20, 4:9, 7:21, 8:4, 12:23, 19:21
serious [5] - 22:24, 23:11, 23:16, 26:19, 26:21
serve [3] - 23:4, 23:8, 28:25
served [2] - 25:6, 26:1
serves [1] - 23:13
Service [1] - 13:5
services [1] - 29:14
serving [1] - 10:15
set [5] - 14:13, 26:7, 27:21, 28:19, 31:13
sets [1] - 22:16
severe [1] - 23:14
shall [7] - 25:12, 26:3, 26:6, 26:10, 26:11, 26:13, 28:18
Shane [1] - 2:12
shock [1] - 20:9
shooter [1] - 14:6
shooting [3] - 15:21, 16:1, 19:19
shootings [2] - 20:8, 20:11
Shorthand [3] - 31:2, 31:4, 31:19
shorthand [3] - 31:6, 31:7, 31:11
shot [1] - 18:6
show [1] - 12:14

sidewalks [1] - 21:4
similar [1] - 18:11
similarly [1] - 23:16
simply [1] - 16:17
Sioux [3] - 1:11, 1:20, 24:7
situation [1] - 17:14
six [2] - 2:21, 5:9
sixth [1] - 27:22
small [1] - 23:8
someone [3] - 16:2, 20:5, 21:2
somewhat [1] - 14:2
soon [1] - 23:5
sorry [4] - 14:11, 14:21, 16:20, 17:2
source [1] - 27:5
space [1] - 11:4
speaks [1] - 6:11
special [7] - 3:14, 4:3, 4:16, 5:1, 9:1, 28:10, 28:13
specifically [2] - 8:8, 24:14
specifics [1] - 27:20
spelled [1] - 10:12
Spencer [1] - 1:23
sprayed [1] - 19:22
stamp [1] - 10:22
stand [1] - 18:14
standard [2] - 26:6, 27:17
standing [1] - 12:19
stands [1] - 9:13
started [1] - 20:15
State [3] - 23:6, 28:24, 31:3
state [18] - 9:12, 10:14, 10:22, 10:24, 11:2, 12:3, 22:14, 22:20, 22:22, 23:1, 23:14, 23:16, 23:19, 23:21, 26:10, 29:1, 29:23
statement [1] - 12:21
STATES [1] - 1:1
States [16] - 1:3, 2:7, 2:10, 2:11, 5:20, 9:6, 9:13, 18:3, 18:11, 19:5, 28:10, 28:18, 28:22, 28:24, 29:8, 29:18
statistically [1] - 23:7
statutes [1] - 19:10
statutory [6] - 2:25, 3:6, 3:22, 12:8, 18:2, 19:9
stay [1] - 24:19
still [1] - 5:8
stock [1] - 12:22

stood [1] - 20:2
Street [2] - 1:20, 1:23
street [1] - 21:11
stuff [1] - 17:12
subject [1] - 27:17
submit [1] - 13:18
submitted [1] - 16:18
subparts [1] - 13:9
substance [2] - 26:11, 27:2
succeed [1] - 21:19
successfully [1] - 27:1
suffer [1] - 29:25
suggest [2] - 8:15, 19:24
suggested [1] - 12:1
Suite [1] - 1:20
superseding [8] - 2:22, 3:18, 25:1, 25:3, 25:4, 25:8, 25:10, 25:25
supervised [9] - 3:11, 3:25, 4:14, 4:24, 8:23, 21:15, 25:23, 26:5, 26:23
supervision [8] - 21:20, 21:24, 26:7, 26:16, 27:4, 29:24, 30:5, 31:8
suspect [1] - 23:21
suspicion [1] - 27:19
sworn [1] - 21:5
system [6] - 22:14, 22:22, 22:23, 23:14, 29:23, 30:1

T

tag [1] - 13:7
taverns [1] - 27:4
tax [1] - 10:22
teens [1] - 20:15
ten [2] - 3:8, 29:11
term [8] - 22:13, 24:25, 25:7, 25:11, 25:23, 25:24, 29:1
terms [4] - 10:17, 25:5, 25:9, 26:1
testimony [2] - 16:1, 16:2
testing [2] - 21:17, 27:2
thankful [1] - 17:10
THE [69] - 1:1, 1:1, 2:2, 2:6, 2:19, 2:20, 2:23, 2:24, 3:4, 3:5, 3:16, 3:17, 3:22, 4:5, 4:6, 4:11, 4:18, 4:21, 4:22, 5:3, 5:4, 5:7,

5:8, 5:11, 5:12, 5:23, 6:2, 6:5, 6:19, 6:23, 7:1, 7:2, 7:4, 7:5, 7:6, 7:7, 7:11, 7:12, 7:15, 7:16, 9:23, 11:1, 11:7, 11:22, 12:18, 12:25, 13:4, 13:8, 13:14, 13:21, 14:11, 15:2, 15:14, 16:4, 16:15, 16:22, 17:1, 17:7, 17:10, 17:20, 17:23, 17:25, 18:16, 18:20, 24:3, 24:10, 29:20, 30:20, 30:22
thefts [1] - 20:15
theme [1] - 22:25
third [1] - 27:6
thoroughly [1] - 19:18
three [8] - 3:12, 4:1, 4:14, 4:25, 8:24, 20:19, 25:23, 25:24
title [1] - 10:4
today [2] - 28:16, 30:17
together [2] - 2:17, 3:6
tolerance [1] - 30:2
took [2] - 2:17, 31:6
top [1] - 9:7
total [4] - 19:7, 24:24, 25:11, 28:11
totally [1] - 24:20
Transcript [2] - 1:25, 1:25
transcript [2] - 1:10, 31:11
transcription [1] - 31:9
treatment [8] - 21:11, 21:12, 21:17, 24:6, 24:10, 24:14, 25:17, 27:2
trial [2] - 9:9, 15:11
trip [1] - 28:7
true [1] - 18:6
Truitt [1] - 1:13
truitt [1] - 31:18
two [10] - 4:3, 7:22, 8:12, 8:17, 8:24, 14:9, 15:9, 19:16, 20:23, 25:15
two-level [2] - 8:12, 8:17
type [1] - 24:13

U

U.S [1] - 1:19
under [8] - 8:21,

19:10, 21:23, 22:10, 27:3, 28:6, 30:4, 31:8
undersigned [1] - 31:2
understood [1] - 11:18
undiluted [1] - 23:17
undischarged [2] - 9:12, 22:13
UNITED [1] - 1:1
United [16] - 1:3, 2:7, 2:10, 2:11, 5:20, 9:6, 9:13, 18:3, 18:11, 19:5, 28:10, 28:18, 28:22, 28:24, 29:8, 29:18
unlikely [1] - 23:4
unoccupied [1] - 20:1
untimely [2] - 9:18, 9:21
up [18] - 3:12, 3:13, 3:25, 4:2, 4:14, 4:15, 4:25, 9:23, 12:19, 17:6, 18:6, 20:2, 20:18, 20:20, 21:12, 29:3, 29:11
upward [2] - 16:9, 22:2
urge [1] - 30:12

V

vacant [1] - 20:2
value [1] - 20:9
verifiable [2] - 21:19, 27:7
versus [2] - 2:7, 22:9
victim [2] - 27:23, 28:4
victim's [1] - 18:5
victims [4] - 18:6, 18:12, 18:22, 18:24
Victor [7] - 1:6, 2:7, 14:4, 14:5, 14:21, 24:4, 24:23
victor's [1] - 6:11
view [1] - 12:15
violate [1] - 10:17
violated [1] - 29:24
violation [1] - 28:5
violations [1] - 8:9
violence [1] - 24:12
violent [2] - 20:24, 24:12
visually [1] - 11:24
vs [1] - 1:5

19:10, 21:23, 22:10, 27:3, 28:6, 30:4, 31:8

W

weapon [6] - 8:9, 12:11, 12:20, 13:1, 15:21, 26:13
wearing [1] - 27:13
WESTERN [1] - 1:2
whatsoever [1] - 15:24
WHEREOF [1] - 31:13
whole [2] - 9:10, 9:11
willing [1] - 16:25
withheld [1] - 15:10
WITNESS [1] - 31:13
witness [2] - 14:4, 14:5
witnessed [1] - 15:20
witnesses [1] - 10:8
Woodbury [1] - 25:13
worse [1] - 17:13
written [3] - 29:2, 29:6, 29:10
wrote [1] - 2:13

Y

years [18] - 3:8, 3:10, 3:12, 3:23, 3:25, 4:1, 4:12, 4:13, 4:14, 4:23, 4:24, 4:25, 8:24, 11:1, 23:2, 23:5, 25:24
yourself [1] - 20:7

Z

zero [5] - 3:7, 3:23, 4:11, 4:22, 30:2
zero-tolerance [1] - 30:2

*Sarah J. Dittmer, CSR, RPR*
*1(888)388-2723*